IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


WARNOCK & ASSOCIATES, LLC and
RUDOLPH M. WARNOCK, JR.                                                    PLAINTIFFS

V.                                                                    CAUSE NO. 3:16-CV-68-CWR-FKB

MADISON COUNTY, MISSISSIPPI;
DANIEL "DAN" GUILLET; TREY
BAXTER; SHELIA JONES; DAVID
BISHOP; GERALD STEEN; and PAUL
GRIFFIN                                                                    DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Before the Court are defendant Madison County's Motion to Dismiss and the remaining defendants' Motion to Dismiss. Docket Nos. 8 and 19. Also before the Court is the plaintiffs' Motion to Consolidate. Docket No. 5. The motions are fully briefed and ready for adjudication.

**I. Background**

Prior to January 4, 2016, plaintiff Rudy Warnock served as the County Road Engineer/Manager and State Aid County Engineer for Madison County. Docket No. 3. Along with his engineering firm, he and Madison County entered into contracts for the provision of State Aid, General Engineering, and Project Specific Engineering Services. Under the contracts, "plaintiffs granted Madison County a non-exclusive license to utilize [their] copyrights in connection with past and ongoing projects, but such license was specifically contingent upon full payment to Plaintiffs." *Id*. at 19.

On January 4, 2016, the Madison County Board of Supervisors voted to terminate the contracts.

1

On March 24, 2016, the plaintiffs filed their complaint alleging breach of contract, copyright infringement, contributory infringement, and vicarious infringement. The plaintiffs contend that Madison County failed to make full payment for services rendered and continues to use the plaintiffs' copyrighted plans to complete the projects, in violation of the Copyright Act. They argue that because "the County admittedly failed to remit full payment for the use of Plaintiffs' Copyrighted Work, all licenses are accordingly void," and any further use of the plans by Madison County amounts to infringement under the Copyright Act. *Id.* The plaintiffs seek monetary, declaratory, and injunctive relief.

The present motions to dismiss for lack of subject matter jurisdiction followed.

**II. Standard of Review**

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). Article III of the Constitution gives federal courts subject matter jurisdiction to hear cases "arising under" federal law. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge a federal court's subject matter jurisdiction. The party asserting that subject matter jurisdiction exists bears the burden of proof by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). The court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

**III. Copyright Jurisdiction**

District courts have exclusive original jurisdiction over civil actions arising under federal copyright laws. *See* 28 U.S.C. § 1338(a).

> "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring constructing of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). This is known as the *Harms* test.

To establish a claim of infringement under the Copyright Act, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Architettura, Inc. v. DBSI Cumberland at Granbury LP*, 652 F. Supp. 2d 775, 780 (N.D. Tex. 2009) (citing *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 360 (1991)).

**IV. Discussion**

The defendants argue that this Court does not have subject matter jurisdiction over this case. They contend that the "controlling issue" of the plaintiffs' claims arises under state contract law, not the Copyright Act. The defendants rely on a line of Southern District of New York cases, cited by the Fifth Circuit in *Goodman*, holding that in cases of mixed copyright and breach of contract claims, the court is to look to the "controlling issue" or apply the "essence test" to determine jurisdiction.[1] The defendants assert that "the *Goodman* Court recognized that *Harms* could be read together with the Southern District of New York line of cases, and that if

---

[1] *See, e.g.*, *Rotardier v. Entm't Co. Music Group*, 518 F. Supp. 919 (S.D.N.Y. 1981); *see also Harrington v. Mure*, 186 F. Supp. 655 (S.D.N.Y 1960).

3

the ultimate issue involve[s] a contract, the subject of which was copyright," federal subject matter jurisdiction does not exist. Docket No. 27.

The argument is unpersuasive. To the extent that the Fifth Circuit in *Goodman* has wholly adopted the Second Circuit's approach in this area, the defendants overlook the fact that the Second Circuit has since abandoned this "controlling issue" approach in favor of a straight-forward application of the *Harms* test.[2]

In light of the change of the landscape, another district court in this circuit explained how the test should now be applied:

> The Court finds that Kasten's complaint asserted a claim for a remedy expressly granted by the Copyright Act and requiring constructing of the Act. That she also asserted a related state law contract claim, and that [the defendant] defended the lawsuit by arguing that when Kasten signed the Agreement, [Defendant] effectively became the owner of the copyright in all 21 paintings at issue, does not divest the district court of its original jurisdiction. To interpret the law as [the defendant] argues would mean that even if Kasten won on her contract claim, her right to damages that she would be entitled to pursuant to the Copyright Act for any infringements of her copyrights after termination of the contract is effectively extinguished since the district court has exclusive jurisdiction over her allegation of copyright infringement.

*Kasten v. Jerrytone*, No. 02-421, 2005 WL 106311, at *3 (E.D. La. Jan. 6, 2005) (citation omitted).

---

[2] In *Basset v. Mashantucket Pequot Tribe*, the Second Circuit reexamined the "controlling issue" analysis as laid out in the line of cases cited by *Goodman* and held:

> The *T.B. Harms* test avoids problems that result from the essence-of-the-dispute test. By rejecting reliance on whether the copyright claim could be characterized as 'incidental' and instead focusing the inquiry under Section 1338 on whether a plaintiff's complaint '[was] for a remedy expressly granted by the Act,' *T.B. Harms* ensured that plaintiffs who sought copyright remedies that depended on a prior showing of contractual entitlement would not be left without the remedies promised by the Copyright Act. . . . *T.B. Harms* also obviated the need for courts to determine at the outset of litigation whether copyright claims were incidental to contract claims – a difficult determination to make even after discovery and trial, and one that cannot be made reliably on the basis of the complaint alone.

204 F.3d 343, 349 (2d Cir. 2000) (citations omitted); *see also Kousnsky v. Amazon.Com, Inc.*, 631 Fed. App'x. 22, 24 (2d Cir. 2015) (finding that federal courts possess subject matter jurisdiction over copyright claims even when the court must first resolve a state law issue).

In addition, by adopting the straightforward application of the *Harms* approach, the Fifth Circuit "has recognized that claims requiring construction of the Copyright Act create jurisdiction when the actions are based on rights created in the Act." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578, 584 (S.D. Tex. 2011) (citing *Goodman*, 815 F.2d at 1030). "Under *Harms*, the analysis turns on whether and how the face of the plaintiff's complaint implicates the Copyright Act." *Kane v. Nance*, 117 F. Supp. 2d 592, 595 (S.D. Tex. 2000).

Applying the *Harms* analysis to the instant case, the Court finds that the plaintiffs' claims fall within the first part of the *Harms* test. The face of the complaint seeks injunctive relief pursuant to 17 U.S.C. § 502, actual and statutory damages pursuant to § 502, and impounding and destruction of infringing copies of protected work pursuant to § 503. In addition, the complaint states an infringement claim that necessarily requires construction of the Copyright Act. Thus, the plaintiffs' claims arise under the Copyright Act and this Court has subject matter jurisdiction over this case.

**V. Conclusion**

Based on the foregoing, Madison County's motion to dismiss is denied. The remaining defendants' motion to dismiss is denied in part; the qualified immunity defense raised in their motion is carried with this case.

The plaintiffs' motion to consolidate is granted.[3] The Court specifically finds consolidation appropriate because the two cases involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a)(2); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033 (5th Cir. 1984). The first-filed case, No. 3:16-CV-68, shall be the lead case. All future filings shall be made in the lead case. The Clerk shall make appropriate revisions to the docket sheets.

---

[3] The Court issued an Order finding that it also possesses subject matter jurisdiction over the related case. *See Madison County v. Warnock, et al.* 3:16-CV-240, at Docket No. 39 (S.D. Miss.).

Within seven days of the entry of this Order the parties shall contact the chambers of this Court to schedule a status conference to discuss appropriate proceedings in light of the rulings entered on this day.

**SO ORDERED,** this the 21st day of September, 2016.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE